```
                    DISTRICT COURT OF THE VIRGIN ISLANDS
                       DIVISION OF ST. THOMAS AND ST. JOHN

MONICA PROSPER,                    )
                                   )
            Plaintiff,             )
                                   )
            v.                     )  Civil No. 2015-7
                                   )
THOMSON REUTERS (GRC), INC.        )
                                   )
            Defendant.             )
                                   )
```

**ATTORNEYS:**

**Monica Prosper**
St. Thomas, U.S.V.I.
　　*Pro se plaintiff,*

**Benjamin A. Currence**
Law Offices of Benjamin A. Currence
St. Thomas, U.S.V.I.
　　*For Thomson Reuters (GRC), Inc.*

## ORDER

**GÓMEZ, J.**

Before the Court is the stipulation of the parties to transfer this matter to the United States District Court for the Southern District of New York.

On February 6, 2015, Monica Prosper ("Prosper") commenced this action by filing a complaint in this Court. On June 17, 2015, Prosper filed an amended complaint. The amended complaint alleges five causes of action against Prosper's previous employer, Thomson Reuters (GRC), Inc. ("Reuters"): (1)

employment discrimination on the basis of race in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) employment discrimination on the basis of age in violation of the Age Discrimination in Employment Act ("ADEA"); (3) negligence; (4) negligent and intentional infliction of emotional distress; and (5) violation of the Fair Labor Standards Act ("FLSA").

Reuters is incorporated under Delaware law with its principal place of business in New York. Though Prosper is currently a citizen of the Virgin Islands, during the period of the alleged discrimination, Prosper worked for Reuters out of an office located in the Manhattan borough of New York City, New York.

On August 14, 2015, Reuters filed a motion to dismiss this matter for improper venue. Alternatively, Reuters asked the Court to transfer this matter to the United States District Court for the Southern District of New York.

On September 29, 2015, Prosper replied to Reuters's motion to dismiss. Prosper indicated that she did not oppose the motion insofar as it sought to transfer this matter. Prosper also conceded that venue was improper in the Virgin Islands.

On October 6, 2015, the parties filed a document captioned "Stipulation and Request to Transfer Venue." *See* ECF No. 32. In

that document, the parties indicated that they "stipulate that . . . [t]his action be transferred to the United States District Court for the Southern District of New York and request that this matter be transferred accordingly." *See id.* at 1. Later that day, Reuters withdrew its motion to dismiss.

The parties submitted a stipulation to transfer this matter to the Southern District of New York. As inter-district transfers may not be accomplished by mere stipulation of the parties, *see White v. ABCO Eng'g Corp.*, 199 F.3d 140, 144 (3d Cir. 1999), the Court will construe the parties' stipulation as their consent to transfer consistent with 28 U.S.C. § 1404(a) ("Section 1404(a)"). Thus, the Court need not determine whether this matter "might have been brought" in the Southern District of New York. *See* 28 U.S.C. § 1404(a).[1] Even so, the Court must consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Salovaara v. Jackson Nat. Life Ins. Co.,* 246 F.3d 289, 298 n.5 (3d Cir.2001) (internal quotation marks omitted).

---

[1] In pertinent part, Section 1404(a) provides that, "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

To that end, the Court first considers the parties' choice. As evidenced by their consent, all parties are amenable to transfer to the Southern District of New York. That position is not surprising as it is undisputed that all of the relevant events occurred in New York County. Neither party has indicated that they foresee any burden or inconvenience in litigating this matter in New York. Additionally, there is nothing in the record to suggest that any witness or document would be unavailable in the Southern District of New York.

Second, a federal court sitting in diversity or exercising supplemental jurisdiction over state law claims applies the choice of law rules of the forum state. *See Specialty Surfaces Int'l, Inc. v. Cont'l Cas. Co.*, 609 F.3d 223, 229 (3d Cir. 2010); *BancOklahoma Mortg. Corp. v. Capital Title Co.*, 194 F.3d 1089, 1103 (10th Cir. 1999). In the Virgin Islands, "'the local law of the state where the injury occurred determines the rights and liabilities of the parties.'" *Hoffman v. Rosewood Hotels & Resorts*, No. 2012-86, 2013 U.S. Dist. LEXIS 107011, at *22 (D.V.I. July 31, 2013) (quoting Restatement (Second) Conflict of Laws § 146 (1971)).

Here Prosper's alleged injuries occurred in New York State. As such, New York would provide the substantive law for Prosper's supplemental claims if this matter were tried in the

Virgin Islands. If tried in New York, the local laws of New York would also apply. *See Sheldon v. PHH Corp.*, 135 F.3d 848, 852 (2d Cir. 1998) ("[W]hen a case has been transferred pursuant to 28 U.S.C. § 1404(a) . . . a court will apply the law of the transferor forum, including that forum's choice of law rules."). For claims "in which state or territorial law provides the substantive rules, there is an advantage in having it applied by federal judges who are familiar with the relevant law, and thus in trying the case in a district of the state or territory whose law is to govern." *Kendricks v. Hertz Corp.*, No. CIV. 2005-0164, 2008 WL 3914135, at *6 (D.V.I. Aug. 18, 2008). It is certainly the case that the Southern District of New York is more familiar with the laws of New York than a trial court outside of New York. Thus, there is an advantage to having this matter tried in New York.

Finally, in considering the local interests in adjudicating localized controversies, "[t]he Court must be aware of the local interests implicated by this lawsuit in the respective districts or, more specifically, in the communities in which they sit." *Id.* at *7. All of the relevant conduct in this matter is alleged to have occurred in New York County, New York. The people of New York County have a public interest in preventing discrimination in that community.

Having weighed the relevant public and private interest factors the Court is convinced that this "litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *See Salovaara,* 246 F.3d at 298 n.5 (internal quotation marks omitted).

The premises considered, it is hereby

**ORDERED** that the Clerk of the Court shall **TRANSFER** this matter to the United States District Court for the Southern District of New York.

S\_____
 **CURTIS V. GÓMEZ**
 **District Judge**